UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-61616-CIV-COHN/SELTZER

PATRICK M. HINES,

     Plaintiff,

v.

CMRE FINANCIAL SERVICES, INC.,

     Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**THIS CAUSE** is before the Court upon Defendant's Motion for Summary

Judgment [DE 29] and Plaintiff's Motion for Partial Summary Judgment [DE 33].  The

Court has reviewed the motions and opposition thereto, and is otherwise advised in the

premises.

**I.   BACKGROUND**

This action arises out of telephone calls made by Defendant CMRE Financial

Services, Inc., a provider of debt-collection services, to Plaintiff Patrick M. Hines.  In

August and September 2011, Plaintiff sought treatment at the Town & Country Hospital

in Tampa, Florida (the "Hospital").  DE 30 ¶ 1.  At the time of his admission, Plaintiff

provided his cellular telephone number to the Hospital.  Id. ¶ 2.

Town & Country Emergency Physicians, LLC ("TCEP") contracts with the

Hospital to provide emergency services, thus TCEP's personnel saw to Plaintiff's

medical needs.  DE 34-3 ¶¶ 2, 4.  TCEP billed Plaintiff for the services it rendered,

however Plaintiff did not pay his bill.  DE 33 at 1.  TCEP therefore obtained Plaintiff's

telephone number from the Hospital (DE 42-2) and retained Defendant to collect upon

the debt (DE 42-1 at 8).  In the course of its debt-collection efforts, Defendant placed as

many as 153 automated calls to Plaintiff's cellular telephone.  DE 33 at 2.  Plaintiff

brings a single claim on this basis, alleging that the calls from Defendant violated the

Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").  DE 1 ¶¶ 7–8.

## II.  LEGAL STANDARD

"One of the principal purposes of the summary judgment rule is to isolate and

dispose of factually unsupported claims or defenses . . . ."  Celotex Corp. v. Catrett, 477

U.S. 317, 323–24 (1986).  A district court therefore "shall grant summary judgment if the

movant shows that there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party

"always bears the initial responsibility of informing the district court of the basis for its

motion, and identifying those portions of [the record] which it believes demonstrate the

absence of a genuine issue of material fact."  Celotex Corp., 477 U.S. at 323.  To satisfy

this burden, the movant must point out to the court that "there is an absence of evidence

to support the nonmoving party's case."  Id. at 325.

After the movant has met its burden under Rule 56(a), the burden of production

shifts, and the non-moving party "must do more than simply show that there is some

metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith

Radio Corp., 475 U.S. 574, 586 (1986).  As Rule 56 explains, "[i]f a party fails to

properly support an assertion of fact or fails to properly address another party's

assertion of fact . . . the court may . . . grant summary judgment if the motion and

supporting materials—including the facts considered undisputed—show that the movant

is entitled to it."  Fed. R. Civ. P. 56(e)(3).  Therefore, the non-moving party "may not rest

upon the mere allegations or denials in its pleadings" but instead must present "specific facts showing that there is a genuine issue for trial." <u>Walker v. Darby</u>, 911 F.2d 1573, 1576–77 (11th Cir. 1990).

Essentially, so long as the non-moving party has had the opportunity to conduct discovery, it must come forward with affirmative evidence to support its claims or defenses. <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 257 (1986).  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." <u>Walker</u>, 911 F.2d at 1577.  If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, summary judgment may be granted." <u>Anderson</u>, 477 U.S. at 249–50 (citations omitted).

The Court's function at the summary-judgment stage is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." <u>Id.</u> at 249.  In making this determination, the Court must discern which issues are material: "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." <u>Id.</u> at 248.  In deciding a summary-judgment motion, the Court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor.  <u>Davis v. Williams</u>, 451 F.3d 759, 763 (11th Cir. 2006).

## III.   DISCUSSION

### A.  <u>Defendant's Motion for Summary Judgment [DE 29]</u>

Defendant moves for summary judgment on the ground that Plaintiff consented to receive its calls.  "Prior express consent" of the called party is an affirmative defense

to a TCPA claim.  Breslow v. Wells Fargo Bank, N.A., 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012); 47 U.S.C. § 227(b)(1)(A)(iii).  Defendant argues that Plaintiff consented to its calls by providing his telephone number to the Hospital.  DE 29 at 4–7.  Defendant relies upon a 2008 FCC ruling which states: "[T]he provision of a cell phone number to a creditor . . . reasonably evidences prior express consent . . . to be contacted at that number regarding the debt."  In re Rules Implementing the TCPA, 23 F.C.C.R. 559, 564 (F.C.C. 2008) ("FCC Ruling").[1]

Plaintiff counters with the inconvenient fact that Defendant did not call him on behalf of the Hospital, but instead called to collect upon a debt to a third-party contractor, TCEP.  See DE 41 at 1–2; DE 42-3.  Even accepting that the mere act of providing one's telephone number to a creditor can constitute "prior express consent" to receive calls from the creditor's debt collector, Plaintiff contends that he only provided such consent to the Hospital.  DE 41 at 2–3.  Plaintiff did not provide his telephone number to TCEP (DE 41 at 1–2; DE 42-2), and he argues that he did not consent to receive the calls Defendant made on behalf of TCEP when he provided his number to the Hospital.  DE 41 at 2–3.  The Court agrees with Plaintiff that the mere provision of his telephone number to the Hospital upon admission does not constitute express consent to receive calls from a distinct creditor, TCEP.  See FCC Ruling, 23 F.C.C.R. at 565 n.38 ("[P]rior express consent provided to a particular creditor will not entitle that creditor (or third party collector) to call a consumer's wireless number on behalf of other

---

[1] Defendant acknowledges that the courts are divided over the deference due the FCC Ruling and the correctness of its potentially overbroad definition of "prior express consent."  DE 29 at 5–6.  Indeed, this very issue is now before the Eleventh Circuit in an interlocutory appeal from Mais v. Gulf Coast Collection Bureau, Inc., 944 F. Supp. 2d 1226 (S.D. Fla. 2013).

creditors, including on behalf of affiliated entities."); <u>Satterfield v. Simon & Schuster,</u>
<u>Inc.</u>, 569 F.3d 946, 954–55 (9th Cir. 2009) (plaintiff's express consent to receive calls
from promoter was not consent to receive calls from company to whom promoter
provided plaintiff's telephone number).

  Defendant asks the Court to reject Plaintiff's argument upon a conclusory
assertion—unsupported by reference to any legal authority—that the Hospital and its
physicians are one and the same.  DE 29 at 6–7; DE 44 at 1–3.  Defendant's contention
regarding the Hospital's relationship with its personnel, however, does not speak to the
very real distinction Plaintiff raises between the Hospital and the third-party creditor
behind Defendant's debt-collection efforts.  It is conceivable that the Hospital and a
contractor could be so closely integrated that consent to calls from the Hospital might
also constitute consent to calls from the contractor.  <u>See generally</u> <u>McAndrew v.</u>
<u>Lockheed Martin Corp.</u>, 206 F.3d 1031, 1036 (11th Cir. 2000) ("[U]nder basic agency
principles, the acts of a corporation's agents are considered to be those of a single legal
actor.").  <u>But see</u> FCC Ruling, 23 F.C.C.R. at 565 n.38.  Defendant, however, does not
even attempt to make such a showing with regard to the Hospital and TCEP via
admissible evidence.  Instead, Defendant merely reiterates its position that the Hospital
and its physicians are indistinguishable.  DE 44 at 1–3.  This unsupported assertion is
insufficient to establish that Plaintiff consented to calls not only from the Hospital—to
whom he provided his telephone number—but also from other entities such as TCEP to
whom the Hospital might give the number.

  The Court further declines to adopt Defendant's contention that, because Plaintiff
"did not appear to make any distinction about who would or could rely upon his contact

information" when he gave his telephone number to the Hospital (DE 30 at 2), Plaintiff expanded the scope of his express consent to include calls from TCEP. The Court reaches this conclusion upon the plain meaning and common usage of the phrase "express consent," which the TCPA does not define. See CBS, Inc. v. Primetime 24 J.V., 245 F.3d 1217, 1222 (11th Cir. 2001) ("In the absence of a statutory definition of a term, we look to the common usage of words for their meaning." (internal quotation marks omitted)). Black's Law Dictionary defines "express consent" as "[c]onsent that is clearly and unmistakably stated." Black's Law Dictionary 346 (9th ed. 2009). A failure to include express limitations on the use of one's telephone number when providing such number on a hospital intake form cannot reasonably be construed as a clear and unmistakable statement of consent to receive auto-dialed calls from whomever the hospital might supply with the number.[2]

In short, Defendant made its debt-collection calls to Plaintiff on behalf of TCEP. DE 42-1 at 8. Plaintiff, however, did not provide his telephone number to TCEP. See DE 42-2. The record contains no evidence that Plaintiff expressly consented to calls on behalf TCEP through some other means. Although Plaintiff provided his telephone number to the Hospital upon admission (DE 30 ¶ 2), Defendant has failed to illustrate how this act constituted "prior express consent" to receive debt-collection calls on behalf of TCEP, a third-party creditor. The Court thus finds that Defendant has failed to establish that Plaintiff consented to calls from TCEP, and will deny Defendant's motion for summary judgment on the defense of prior express consent.

---

[2] The Court similarly rejects Defendant's circular suggestion that a third party's reliance upon Plaintiff's telephone number gleaned from the Hospital's records establishes Plaintiff's consent to that reliance. See DE 44 at 2–3.

**B.  Plaintiff's Motion for Partial Summary Judgment [DE 33]**

Plaintiff has also moved for summary judgment, asking the Court to find that Defendant placed 153 phone calls to Plaintiff in violation of the TCPA.  DE 36 at 2–3; DE 45 at 7.  Defendant counters that Plaintiff consented to receive the calls, and that Plaintiff has failed to properly authenticate the documents supporting his motion.  DE 40 at 2–6.  The Court finds that Defendant has failed to raise an issue fact regarding Plaintiff's consent.  Nevertheless, the evidence supporting Plaintiff's motion for summary judgment only establishes that Defendant placed 123 violative calls.  The Court will therefore grant Plaintiff's motion for summary judgment only to the extent of those 123 calls.

**1.  Defendant Has Failed to Create an Issue of Fact Regarding Consent**

As noted previously, Plaintiff did not provide his telephone number to TCEP, the creditor behind the calls in this case.  See DE 34-2.  Defendant has adduced no evidence of any other expression of consent by Plaintiff to calls from TCEP.  Nor has Defendant provided a basis for the Court to ignore the distinction between the Hospital and TCEP to find that consent to calls from the Hospital constitutes "prior express consent" to calls from TCEP.  Because Plaintiff has provided evidence of an absence of consent to calls on behalf of TCEP, and because Defendant has failed to adduce evidence that would allow a reasonable factfinder to conclude that Plaintiff expressly consented to receive such calls, Defendant has failed to create an issue of fact with regard to prior express consent that could preclude summary judgment in Plaintiff's favor.  See Walker, 911 F.2d at 1577.

**2.  The Documents Submitted by Plaintiff Only**
**<u>Support a Partial Grant of Summary Judgment</u>**

Plaintiff seeks summary judgment as to the number of Defendant's calls in violation of the TCPA and the attendant minimum statutory damages.  DE 33 at 3–4. Plaintiff has supplied the Court with a log allegedly showing 153 illegal calls by Defendant.  Defendant responds that the call log has not been properly authenticated, and cannot be considered by the Court for summary judgment purposes.  Defendant's own corporate representative, however, has admitted the existence of at least 123 such calls, thus the Court will grant summary judgment for Plaintiff to that limited extent.

Documents submitted in support of a motion for summary judgment must be authenticated by and attached to an affidavit of a person through whom the documents could be admitted as evidence.  <u>Saunders v. Emory Healthcare, Inc.</u>, 360 F. App'x 110, 113 (11th Cir. 2010) (per curiam); <u>see also</u> Fed. R. Civ. P. 56(c).  Plaintiff premises his entitlement to damages for 153 calls upon an annotated log of telephone calls appended to his Statement of Material Facts, which allegedly illustrates that Defendant placed 153 calls to Plaintiff to collect upon a debt to TCEP.  DE 45 at 6–7; <u>see also</u> DE 34 ¶ 1; DE 34-1.  Plaintiff does not attempt to authenticate the call log in any manner, however, thus the log is not properly before the Court.  <u>See Saunders</u>, 360 F. App'x at 113.

Nevertheless, Defendant's corporate representative testified that Defendant placed 123 calls to Plaintiff's cellular telephone number using an automatic telephone dialing system to recover amounts owed by Plaintiff to TCEP.  DE 35-1 at 8:13–13:19, 22:4–23.  The TCPA provides that "[i]t shall be unlawful for any person within the United States . . . to make any call . . . using any automatic telephone dialing system . . . to any

telephone number assigned to a . . . cellular telephone service . . . ."  47 U.S.C.

§ 227(b)(1)(A)(iii).  The undisputed evidence therefore demonstrates that Defendant

placed at least 123 calls in violation of the TCPA.  See id.; see also Hicks v. Client

Servs., Inc., No. 07-61822, 2009 U.S. Dist. LEXIS 131193, at *11–18 (S.D. Fla. June 9,

2009) (granting summary judgment for plaintiff on liability where debt collector placed

automated calls to debtor plaintiff).

47 U.S.C. § 227(b)(3) provides for minimum statutory damages of $500 for each

call in violation of the TCPA, in addition to injunctive relief.  Plaintiff is therefore entitled

to $61,500 on the basis of the 123 calls established as a matter of law, and an

injunction prohibiting Defendant from placing any further calls to his cellular telephone

number in violation of section 227(b)(1)(A)(iii).  The Court will reserve for trial the

number of any additional violative calls made to Plaintiff, as well as the issue of whether

Defendant's violation of the TCPA was willful or knowing such that an award of

increased statutory damages would be justified.

## IV.  CONCLUSION

In accordance with the foregoing, it is

**ORDERED AND ADJUDGED** as follows:

(1)  Defendant's Motion for Summary Judgment [DE 29] is **DENIED**.

(2)  Plaintiff's Motion for Partial Summary Judgment [DE 33] is **GRANTED in part**

and **DENIED in part**.  Plaintiff is entitled to $500 per call in statutory damages for

123 calls placed by Defendant to his cellular telephone, for a total of $61,500.

The issues of whether Defendant made additional violative calls to Plaintiff's

cellular telephone and whether Defendant willfully or knowingly violated the

TCPA are reserved for trial.  Defendant is enjoined from placing any further calls to Plaintiff's cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 10th day of January, 2014.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF